UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

    v.

LARRY BRONSON,

          Defendant.

------------------------------------------------------------X

ORDER
05-CR-714 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge:

On January 10, 2008, Defendant Larry Bronson ("Defendant" or "Bronson") pleaded guilty to a single count of Structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1); 18 U.S.C. §§ 2 and 3551 et seq.[1] (See Minute Entry for Proceedings Held on January 10, 2008 (Docket Entry # 115; Superseding Information (Docket Entry # 114).) The Pre-Sentence Investigation Report dated March 28, 2008 calculates a total offense level of fifteen and a

---

[1] Defendant was initially charged on September 28, 2005 in a two-count Indictment with conspiring to participate in the affairs of a racketeering enterprise and contempt of court. (Indictment ¶¶ 14, 16.) On April 20, 2006, the Grand Jury returned a Superseding Indictment adding one count of conspiracy to commit money laundering and a second count of contempt of court. (Docket Entry # 41.) The first count alleged that, during a six-year period, Bronson conspired with unnamed others to participate in the affairs of La Cosa Nostra ("LCN") through a pattern of racketeering activity, including acts of obstruction of justice, witness tampering, retaliation against a witness, and bribery. (Superseding Indictment ¶¶ 13, 14.) The second count charged Bronson with contempt of court for having aided and abetted an "individual on supervised release" to violate the conditions of that release by meeting with a convicted felon. (Id. ¶ 15.) The third count charged him with conspiracy to commit money laundering for having conspired with unnamed others to launder the proceeds of narcotics trafficking. (Id. ¶ 16.) The fourth and final count of the Superseding Indictment charged Bronson with contempt of court for having aided and abetted an individual on supervised release in the Eastern District of New York to violate the conditions of pretrial release by misrepresenting the individual's whereabouts to officers of the United States Pretrial Services. (Id. ¶ 17.) By Memorandum & Order dated August 23, 2007, the court dismissed Counts Two and Four in the Superseding Indictment, holding them to be insufficient as a matter of law.

1

criminal history category of I. Accordingly, the U.S. Probation Department has calculated Defendant's Guideline imprisonment range to be eighteen to twenty-four months. The statutory maximum term of imprisonment is five years. 31 U.S.C. § 5324(d)(1). The parties have not yet submitted sentencing memoranda for the court's consideration.

Although the Government, in Bronson's plea agreement, has explicitly agreed to "make no motion for an upward departure under the Sentencing Guidelines," the court nevertheless hereby gives notice to Defendant that it is <u>sua sponte</u> considering an upward departure. The court is considering this upward departure based on information provided to the court by the U.S. Probation Department in the Pre-Sentence Investigation Report indicating Defendant's involvement in a racketeering conspiracy that included obstructing justice, tampering with witnesses, bribing and attempting to bribe witnesses, his facilitating retaliation against a witness/informant, and his attempt to disguise the source of proceeds from an illegal drug operation. <u>See</u> U.S.S.G. § 2B1.1(19)(A)(ii) (providing a non-exhaustive list of factors court may consider in determining whether an upward departure is warranted in cases determined under U.S.S.C. § 2B1.1); U.S.S.G. § 2S1.3(a)(2) (providing a base offense level plus the number of offense levels from U.S.S.G. § 2B1.1)). This should not, in any way, be read to construe that this court will upwardly depart, but only that this court may do so.

Defendant is entitled to have an opportunity to be heard on the matter of whether the offense level determined by the Guidelines substantially understates the seriousness of the offense. <u>See</u> <u>United States v. Nichols</u>, 912 F.2d 598, 604 (2d Cir. 1990). Fed. R. Crim. Pro. 32(h) states, in pertinent part, that:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give

> the parties reasonable notice that it is contemplating such a
> departure. The notice must specify any ground on which the court
> is contemplating a departure.

See also U.S. v. Anati, 457 F.3d 233, 235-36 (2d Cir. 2006). In the plea agreement, which Defendant acknowledged reading during his plea allocution, he was advised that the statute governing the offense to which he pleaded guilty provided inter alia for a possible five-year term of imprisonment. He was also advised of this provision at the time of his plea and was told that the court had the power to depart above the applicable Guidelines range, and that, in certain circumstances, the court could impose a sentence greater than that called for in the Guidelines.

Accordingly, Defendant is noticed that the court is considering such an upward departure and is requested to prepare arguments against a sentence based on an upward departure.

SO ORDERED.

Dated: May 9, 2008         /s Nicholas G. Garaufis
Brooklyn, N.Y.             NICHOLAS G. GARAUFIS
                           United States District Judge