UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-

LARRY BRONSON,

               Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
05-CR-714 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

      In a May 9, 2008 Memorandum and Order ("May 9 M&O") (Docket Entry # 125), the court notified Defendant Larry Bronson ("Defendant" or "Bronson") that it is sua sponte considering an upward departure from the 18 to 24 month Guideline imprisonment range recommended in the Pre-Sentence Investigation Report ("PSR"). (See PSR at 7.) Subsequent to the May 9 M&O and in response to Bronson's written objections to the PSR, the U.S. Probation Department prepared an Addendum to the PSR ("PSR Add.") reflecting a new recommended imprisonment range of 10 to 16 months.[1] (PSR Add. dated May 14, 2008 at 2.)

      However, the Probation Department declined to amend the PSR with respect to many of Bronson's objections, including the PSR's recounting of facts related to Bronson's alleged involvement in a racketeering conspiracy. (See generally PSR Add; Defense Counsel's April 22, 2008 letter to Probation Officer Sindee J. Haasnoot at 1-7.) Those allegations provided the basis for the first count of the Amended Indictment, but the Government has agreed to dismiss that count as part of Bronson's plea agreement. Bronson objects generally that much of the

---

[1] This change in the recommended Guidelines range does not affect the court's decision to consider an upward departure, and Defendant is thus on notice of the court's continued intention to consider an upward departure.

1

information contained in the PSR is "irrelevant, unsupported by reliable evidence, and unduly prejudicial" and should therefore be stricken. (Id. at 1.) For the reasons that follow, the court orders an evidentiary hearing pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir.1978) in order to resolve these issues and to assist the court in considering whether to impose a sentence above the Guideline range.

Generally speaking, the court has both the authority and the responsibility to find facts relevant to sentencing by a preponderance of the evidence. United States v. Cutler, 520 F.3d 136, 168 (2d Cir. 2008) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives Booker [and] a preponderance of the evidence is the appropriate standard to be used in considering uncharged relevant conduct for sentencing purposes.") (citations omitted)). If the court elects to impose a non-Guideline sentence, as it is considering in this case, "it has a statutory obligation to include a statement in the written judgment setting forth the specific reason for the imposition of a sentence different from the recommended Guidelines sentence." United States v. Elfgeeh, 515 F.3d 100, 136 (2d Cir. 2008) (citing 18 U.S.C. § 3553(c)(2)). Where disputes exist regarding facts contained in the PSR, the court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

In light of these considerations, the court will hold an evidentiary hearing at a date to be determined prior to sentencing at which the Government is directed to present evidence in support of facts that the court may consider in sentencing Bronson. Broadly, the court will consider any evidence relevant to departures as set forth in U.S.S.G. §§ 1B1.4 ("In determining

the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law") and 5K2.0 (noting the court's authority to depart based on "circumstances of a kind not adequately taken into consideration" by the Guidelines or on circumstances "present to a degree not adequately taken into consideration" by the Guidelines).

More specifically, the court will consider evidence related to dismissed and uncharged conduct, pursuant to U.S.S.G. § 5K2.21 ("The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.") As the Addendum to the PSR notes, the Government asserts that "it can prove these other charges by a preponderance of the evidence" (PSR Add. at 2), and the court must determine whether that is indeed the case before considering the conduct in reaching a sentence.

In addition, the court will consider evidence of Bronson's alleged failure to file income tax returns for 2001 through 2004 as a possible basis for departure with respect to whether Bronson's criminal history category inadequately represents his criminal history, pursuant to U.S.S.G. § 4A1.3(a)(E) (an upward departure may be based upon "[p]rior similar adult criminal conduct not resulting in a criminal conviction"). Finally, the court will consider any other evidence of the nature and circumstances of the offense and the history and characteristics of Defendant that may not be reflected in the applicable Guideline range but that the court is

3

statutorily required to consider in reaching a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. See 18 U.S.C. § 3553(a)(1).

As the noted in the May 9 M&O, the Government has explicitly agreed in its plea agreement with Bronson to "make no motion for an upward departure under the Sentencing Guidelines." As the court has made clear, its decision to consider an upward departure has been made sua sponte with no urging from the Government. Thus, the Government's presentation of evidence responsive to this Order shall serve only the purpose of assisting the court in reaching a just sentence in this case; the court will not construe it as an argument for an upward departure.

SO ORDERED.

Dated: May 27, 2008
      Brooklyn, N.Y.

    s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge